UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Ronald Mulder,<br><br>    Plaintiff,<br><br>vs.<br><br>Department of Homeland Security, *et al.*,<br><br>    Defendants. | No. 2:25-cv-01220-APG-MDC<br><br>**ORDER DENYING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS (ECF NO. 5)** |

  Pending before the Court is *pro se* plaintiff Ronald Mulder's *Application to Proceed In Forma Pauperis* ("IFP") (ECF No. 5). The Court denies the IFP application without prejudice. Plaintiff must either file a new Long Form IFP application OR pay the full filing $405 fee by **Monday November 3, 2025**.

## DISCUSSION

  Under 28 U.S.C. § 1915(a)(1), a plaintiff may bring a civil action "without prepayment of fees or security thereof" if the plaintiff submits a financial affidavit that demonstrates the plaintiff "is unable to pay such fees or give security therefor." The Ninth Circuit has recognized that "there is no formula set forth by statute, regulation, or case law to determine when someone is poor enough to earn IFP status." *Escobedo v. Applebees*, 787 F.3d 1226, 1235 (9th Cir. 2015). An applicant need not be destitute to qualify for a waiver of costs and fees, but he must demonstrate that because of his poverty he cannot pay those costs and still provide himself with the necessities of life. *Adkins v. E.I DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

  The applicant's affidavit must state the facts regarding the individual's poverty "with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (citation omitted). If an individual is unable or unwilling to verify his or her poverty, district courts have the discretion to make a factual inquiry into a plaintiff's financial status and to deny a request to proceed

in forma pauperis. See, e.g., *Marin v. Hahn*, 271 Fed.Appx. 578 (9th Cir. 2008) (finding that the district court did not abuse its discretion by denying the plaintiff's request to proceed IFP because he "failed to verify his poverty adequately"). "Such affidavit must include a complete statement of the plaintiff's personal assets." *Harper v. San Diego City Admin. Bldg.*, No. 16cv00768 AJB (BLM), 2016 U.S. Dist. LEXIS 192145, at 1 (S.D. Cal. June 9, 2016). Misrepresentation of assets is sufficient grounds in themselves for denying an in forma pauperis application. *Cf. Kennedy v. Huibregtse*, 831 F.3d 441, 443-44 (7th Cir. 2016) (affirming dismissal with prejudice after litigant misrepresented assets on in forma pauperis application).

The District of Nevada has adopted three types of IFP applications: a "Prisoner Form" for incarcerated persons and a "Short Form" (AO 240) and "Long Form" (AO 239) for non-incarcerated persons. The Long Form requires more detailed information than the Short Form.

Plaintiff's current IFP application (ECF No. 5) not only remains deficient, but is also inconsistent with his initial IFP application and "affidavit in support." (ECF No. 1). Plaintiff initially stated that he did not own "any cash [or] bank accounts[.]". *ECF No. 1* at 2. Plaintiff now claims to have approximately "$130.00/100" in a checking or savings account. *ECF No. 5* at 2. Plaintiff must provide more detail regarding this inconsistency.[1] Plaintiff also answered "N/A" to if he owned anything of value and if he had any dependents who relied on him for support. *ECF No. 5* at 2. The Court previously stated (ECF No. 1) that plaintiff could not simply answer questions in his IFP application "N/A" without further explanation. *ECF No. 4* at 2. Finally, plaintiff's approximation of his miscellaneous monthly expenses seems to be ripped or blacked out and cannot be clearly seen in the IFP application. *ECF No. 5* at 2. Taking into account both IFP applications, the Court finds that there are inconsistencies and deficiencies in plaintiff's current IFP application.

---

[1] For example, plaintiff could have recently opened a bank account and deposited money in it.

However, the Court will give plaintiff another opportunity to file his IFP application. If plaintiff wishes to proceed *in forma pauperis*, plaintiff must complete a new Long Form IFP application responding to the Court's request for clarification and additional information made by this Order. Plaintiff must also answer every question on the Long Form IFP application. Plaintiff cannot simply answer a question with "N/A" without further explanation.

ACCORDINGLY,

**IT IS ORDERED that:**

1. The IFP application (ECF No. 5) is DENIED WITHOUT PREJUDICE.

2. Plaintiff must either: (1) file a Long Form IFP application, curing the deficiencies and inconsistencies noted in this Order, **or** (2) pay the full $405 filing fee by **Monday November 3, 2025**. Failure to timely comply with this Order may result in a recommendation that this case be dismissed.

DATED: October 2, 2025.

IT IS SO ORDERED.

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge

**NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).

This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.