UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Ronald Mulder,<br><br>                Plaintiff,<br><br>vs.<br><br>Department of Homeland Security, *et al.*,<br><br>                Defendants. | No. 2:25-cv-01220-APG-MDC<br><br>**ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS (ECF NO. 7) AND DISMISSING PLAINTIFF'S PETITION WITHOUT PREJUDICE (ECF NO. 1-1)** |

Pending before the Court is *pro se* plaintiff Ronald Mulder's renewed *Application to Proceed In Forma Pauperis* ("IFP") (ECF No. 7). The Court **GRANTS** plaintiff's IFP application and dismisses plaintiff's Petition (ECF No. 1-1) without prejudice for the reasons below.

**DISCUSSION**

I.    **IFP APPLICATION**

    a.    **Legal Standard**

Under 28 U.S.C. § 1915(a)(1), a plaintiff may bring a civil action "without prepayment of fees or security thereof" if the plaintiff submits a financial affidavit that demonstrates the plaintiff "is unable to pay such fees or give security therefor." The Ninth Circuit has recognized that "there is no formula set forth by statute, regulation, or case law to determine when someone is poor enough to earn IFP status." *Escobedo v. Applebees*, 787 F.3d 1226, 1235 (9th Cir. 2015). An applicant need not be destitute to qualify for a waiver of costs and fees, but he must demonstrate that because of his poverty he cannot pay those costs and still provide himself with the necessities of life. *Adkins v. E.I DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

The applicant's affidavit must state the facts regarding the individual's poverty "with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (citation omitted). If an individual is unable or unwilling to verify his or her poverty, district courts have

the discretion to make a factual inquiry into a plaintiff's financial status and to deny a request to proceed in forma pauperis. *See, e.g.*, *Marin v. Hahn*, 271 Fed.Appx. 578 (9th Cir. 2008) (finding that the district court did not abuse its discretion by denying the plaintiff's request to proceed IFP because he "failed to verify his poverty adequately"). "Such affidavit must include a complete statement of the plaintiff's personal assets." *Harper v. San Diego City Admin. Bldg.*, No. 16cv00768 AJB (BLM), 2016 U.S. Dist. LEXIS 192145, at 1 (S.D. Cal. June 9, 2016). Misrepresentation of assets is sufficient grounds in themselves for denying an in forma pauperis application. *Cf. Kennedy v. Huibregtse*, 831 F.3d 441, 443-44 (7th Cir. 2016) (affirming dismissal with prejudice after litigant misrepresented assets on in forma pauperis application).

The District of Nevada has adopted three types of IFP applications: a "Prisoner Form" for incarcerated persons and a "Short Form" (AO 240) and "Long Form" (AO 239) for non-incarcerated persons. The Long Form requires more detailed information than the Short Form. The court typically does not order an applicant to submit the Long Form unless the Short Form is inadequate, more information is needed, or it appears that the plaintiff is concealing information about his income for determining whether the applicant qualifies for IFP status. When an applicant is specifically ordered to submit the Long Form, the correct form must be submitted, and the applicant must provide all the information requested in the Long Form so that the court is able to make a fact finding regarding the applicant's financial status. S*ee e.g. Greco v. NYE Cty. Dist. Jude Robert Lane*, No. 2:15-cv-1370-MMD-PAL, 2016 WL 7493981, at *3 (D. Nev. Nov. 9, 2016), report and recommendation adopted sub nom. *Greco v. Lake*, No. 2:15-cv-1370-MMD-PAL, 2016 WL 7493963 (D. Nev. Dec. 30, 2016).

      **b.**    **Plaintiff Now Qualifies For IFP Status**

The Court denied plaintiff's two prior IFP applications and ordered him to file a new IFP Long Form application or pay the filing fee if he wanted to proceed in this matter. *ECF Nos. 4*, *6*. Plaintiff submitted a revised Long Form application and provided sufficiently complete answers in response to

the Court's prior orders. The Court now finds that plaintiff now qualifies for IFP status. Plaintiff reports that he earns $1,442.44 in gross monthly income from Social Security Income, food stamps, and food supplements. *ECF No. 7* at 2-3. He also provides supporting documentation showing that he is currently taking SNAP food benefits. *Id.* at 7. He notes that he has $300 in his Chime account, owns no assets, and spends all of his monthly income on living expenses such as rent, utilities, food, and more. *Id.* at 5-6 (spending around $1,450 to $1,500 in monthly expenses). While plaintiff did put "N/A" in response to some of the application questions, plaintiff provided additional context and, altogether, his answers throughout the application provide further explanation that he "is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1); *see generally ECF No. 7*. Plaintiff may proceed with this action without paying the filing fee.

## II.   PETITION

### A.   Legal Standard

Upon granting a request to proceed in forma pauperis, the Court will screen the petition pursuant to 28 U.S.C. § 1915(e). The Court will review the petition to determine whether it is frivolous, malicious, fails to state a claim in which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). Dismissal for failure to state a claim under § 1915 incorporates the same standard for failure to state a claim under Federal Rule of Civil Procedure Rule 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) A complaint or petition should be dismissed under Rule 12(b)(6) "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of her claims that would entitle him to relief." *Buckley v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992).

"A document filed pro se is "to be liberally construed" and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)

(internal citations omitted)). If the Court dismisses a complaint or petition under § 1915(e), the plaintiff should be given leave to amend it with directions as to curing its deficiencies, "unless it is clear that [its] deficiencies could not be cured through amendment." *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995). At issue is whether plaintiff's complaint or petition states a plausible claim for relief.

**B.     Plaintiff Has Not Shown That A Writ Of Mandamus Should Be Granted At This Time**

The Court construes the Petition to allege that defendant United States Citizenship and Immigration Services ("USCIS") has unreasonably delayed giving him copies of his naturalization documents in violation of 5 USC § 706(1) and that he does not have any of the documents requested. *ECF No. 1-1*. Plaintiff requests for the Court to issue a Writ of Mandamus ("Mandamus Writ") compelling the USCIS to provide a copy of his naturalization records within 30 days of an Order granting the Mandamus Writ under 5 USC § 706(1) and 28 USC § 1361. *See id.*

Writs of mandamus are extraordinary remedies. *In re U.S. Dep't of Ed.*, 25 F.4th 692 (9th Cir. 2022) (citing *Cheney v. U.S. Dist. Ct.*, 542 U.S. 367, 380 (2004)). There are three conditions that must be present before a mandamus writ may issue:

> "First, 'the party seeking issuance of the writ [must] have no other adequate means to attain the relief he desires.' " *Id.* (alteration in original) (quoting *Kerr v. U.S. Dist. Court for N. Dist. of Cal.*, 426 U.S. 394, 403, 96 S.Ct. 2119, 48 L.Ed.2d 725 (1976)). Second, the petitioner's right to issuance of the writ must be "clear and indisputable." *Id.* at 381, 124 S.Ct. 2576 (quoting *Kerr*, 426 U.S. at 403, 96 S.Ct. 2119). "Third, even if the first two prerequisites have been met, the issuing court, in the exercise of its discretion, must be satisfied that the writ is appropriate under the circumstances." *Id.* (citation omitted).

*In re Ozenne*, 841 F.3d 810, 815 (9th Cir. 2016) (citing *Cheney v. U.S. Dist. Court for D.C.*, 542 U.S. 367, 380 (2004)). Plaintiff fails to show that the first condition is present at this time.

Plaintiff states that he submitted a Freedom of Information Act request to the USCIS seeking copies of his naturalization records and gave "repeated follow-ups" regarding his request. *ECF No. 1-1* at 2. However, plaintiff does not allege that he sent a N-565 Form to the

4

USCIS in order to obtain replacement naturalization records. *See* "N-565, Application for Replacement Naturalization/Citizenship Document," https://www.uscis.gov/n-565; "Naturalization Records," https://www.archives.gov/research/immigration/naturalization. The N-565 Form is specifically meant to enable naturalized citizens to obtain copies of their naturalization records if they do not have access to their original copies. *See* "N-565, Application for Replacement Naturalization/Citizenship Document," https://www.uscis.gov/n-565; "Naturalization Records," https://www.archives.gov/research/immigration/naturalization. The Court also notes that if plaintiff cannot afford the filing fee for a N-565 Form, he can request for a fee waiver by submitting a Form I-912 to the USCIS. "I-912, Request for Fee Waiver", https://www.uscis.gov/i-912. Therefore, plaintiff has not shown that a Mandamus Writ should be granted at this time. *See Kerr v. U.S. Dist. Court for N. Dist. of C*al., 426 U.S. 394, 403 (1976) (granting a mandamus writ is appropriate only when the party seeking it has no alternative means of obtaining the relief sought).

//
//
//
//
//
//
//
//
//
//
//

ACCORDINGLY,

**IT IS ORDERED that:**

1. Plaintiff's *Motion/Application to Proceed In Forma Pauperis* (ECF No. 7) is **GRANTED**.

2. Plaintiff's Petition (ECF No. 1-1) is **DISMISSED WITHOUT PREJUDICE**. Plaintiff may refile his Petition if he is not able to obtain his naturalization records after having submitted a filed N-565 Form to the USCIS or is not able to properly submit a filed N-565 Form to the USCIS.

3. If Plaintiff files an amended petition, the Clerk of Court is directed NOT to issue summons on the amended petition. The Court will issue a screening order on the amended petition and address the issuance of summons at that time, if applicable.

DATED: December 18, 2025.

IT IS SO ORDERED.

_____
Hon. Maximiliano D. Couvillier, III
United States Magistrate Judge

**NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).

This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any

change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.