**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Ronald Mulder,

Plaintiff,

vs.

Department of Homeland Security, *et al.*,

Defendants.

Case No. 2:25-cv-01220-APG-MDC

**ORDER RE: MOTIONS (ECF NOS. 14, 15)**

*Pro se* plaintiff Ronald Mulder ("Mulder") filed a *Motion for Completion of Service* ("Completion Motion") (ECF No. 14) and *Motion for Extension of Time for Service* ("Extend Motion") (ECF No. 15) (collectively "Motions"). I **GRANT** the Motions for the reasons below.

## I. BACKGROUND

Plaintiff filed a Petition for a Writ of Mandamus ("Petition") to have defendants provide him copies of his naturalization documents. *ECF No. 1-1*. I issued an Order on December 18, 2025 ("12/18/2025 Order") that dismissed plaintiff's Petition (ECF No. 1-1) without prejudice. Plaintiff filed an Objection to the 12/18/2025 Order. *ECF No. 9*. On May 27, 2026, the District Judge sustained plaintiff's Objection, allowed him to proceed with his mandamus petition, and directed the Clerk of Court to issue summonses to defendant. *ECF No. 10* ("05/27/2026 Order"). The District Judge also ordered the United States Marshal Service ("Marshals") to effectuate service on plaintiff's behalf under Federal Rule of Civil Procedure ("Rule") 4(i)(2). *Id.*

For the Marshals to effectuate service, the District Judge directed the Clerk of Court to send plaintiff four blank copies of Form USM-285 ("USM-285 forms") and for plaintiff to fill in addresses for "(1) the U.S. Attorney for the District of Nevada; (2) the Attorney General of the United States, located in Washington, D.C.; (3) the United States Citizenship and Immigration Services; and (4) the Department of Homeland Security." *Id.* Plaintiff was ordered to send the completed USM-285 forms to the Marshals,

which the Marshals would use to "(1) deliver to the U.S. Attorney for the District of Nevada copies of the summonses, petition, and affidavit; and (2) send copies of the summonses, petition, and affidavit by certified or registered mail to (a) the Attorney General in Washington, D.C.; (b) the United States Citizenship and Immigration Services; and (c) the Department of Homeland Security[.]" *Id.* Within twenty-one days of the Marshals sending plaintiff a copy of the USM-285 forms that showed if service was accomplished, plaintiff was to then file a notice stating whether defendants were served. *Id.*

**II. DISCUSSION**

Plaintiff now brings these Motions, arguing that the Marshals have not successfully served the parties above in accordance with the District Judge's 05/27/2026 Order.

As noted in the District Judge's 05/27/2026 Order, plaintiff must serve defendants under Rule 4(i)(2). Rule 4(i)(2) provides that to serve a federal agency, plaintiff "must serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the agency [being sued]…" *Id.* To serve the United States, the plaintiff must (A) either (i) deliver a copy of the summons and the complaint to the United States Attorney for the District of Nevada, or (ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States Attorney's Office, and (B) send a copy of the summons and complaint by registered or certified mail to the Attorney General of the United States in Washington, D.C. *See id.*

It appears that service in accordance with Rule 4(i)(2) and the District Judge's 05/27/2026 Order has not been accomplished in this case. Plaintiff states that he timely filled out the Forms and sent them to the Marshals, but did not receive copies of the USM-285 forms from the Marshals showing if service was accomplished. *ECF Nos. 14*, *15*. However, the docket shows that Marshals first or only attempted to serve the United States Citizenship and Immigration Services ("USCIS") and Department of Homeland Security and not the U.S. Attorney for the District of Nevada, as required by Rule 4(i)(2) and the District Judge's 05/27/2026 Order. Moreover, the Marshals report that service to the USCIS failed because the

USCIS Las Vegas field office (located at the address identified by plaintiff) did not accept legal process. *ECF No. 13*.[1] There are no returned service of process filings on the docket regarding United States via the U.S. Attorney for the District of Nevada or the Attorney General of the United States.

To ensure that service is properly done under Rule 4(i)(2) and the District Judge's 05/27/2026 Order, I thus liberally construe plaintiff to be requesting for renewed Marshal service and grant his request. I also grant his request for an extension to properly serve defendants. To provide more guidance regarding service, I provide the following Order:

ACCORDINGLY,

IT IS ORDERED that:

1. Plaintiff's *Motion for Completion of Service* (ECF No. 14) and *Motion for Extension of Time for Service* (ECF No. 15) are **GRANTED**.
2. The Clerk of Court is kindly directed to again send plaintiff four blank USM-285 forms. Plaintiff shall fill out these USM-285 forms with the addresses of:
   (1) the U.S. Attorney for the District of Nevada;
   (2) the Attorney General of the United States;
   (3) the USCIS; **and**
   (4) the Department of Homeland Security.
3. Plaintiff shall ensure that the location at the address he identifies for the U.S. Attorney for the District of Nevada may accept service on behalf of the United States under Rule 4(i)(2).
4. Plaintiff should also identify Washington D.C. addresses that accept registered or certified mail for the Attorney General of the United States and the Department of Homeland Security.

---

[1] Plaintiff identifies the following address for re-serving defendants: United States Citizenship and Immigration Services, Office of Chief Counsel, 5900 Capital Gateway Drive, Mail Stop 220, Camp Springs, Maryland 20588-0009 ("Maryland Address"). *ECF Nos. 14*, *15*. The USCIS Las Vegas field office also identified the Maryland Address as an alternative address for service. *ECF Nos. 13*, *14*, *15*.

5. Plaintiff may use the following address identified to the Marshals by the local USCIS office (ECF No. 13) as the service of process address for USCIS:

USCIS
Office of the Chief Counsel
5900 Capital Gateway Dr.
Mail Stop 2120
Camp Springs, MD 20588-6069

6. Plaintiff shall fill out the addresses for each of the four entities and send the complete USM-285 forms to the Marshals by **December 17, 2026**.

7. After the Marshals receive the USM-285 forms filled out by plaintiff, the Marshals shall:

(1) First, personally serve and deliver copies of the summonses, Petition, and Affidavit the U.S. Attorney for the District of Nevada at the address of the U.S. Attorney for the District of Nevada identified by plaintiff.

(2) After the Marshals personally serves the U.S. Attorney for the District of Nevada, the Marshals shall then deliver summonses, Petition, and Affidavit by registered or certified mail to the Attorney General of the United States; the USCIS; and the Department of Homeland Security at the addresses plaintiff identified for those entities in the Form USM-285.

8. After receiving back the USM-285 forms that show if service has been accomplished, the Marshals shall also send copies of those USM-285 forms to plaintiff.

9. The Marshals or Plaintiff shall file a Proof of Service that service was accomplished as outlined in this Order by **February 1, 2027**.

DATED: November 17, 2026.

IT IS SO ORDERED.

_______________________________
Hon. Maximiliano D. Couvillier, III
United States Magistrate Judge

**NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).

This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.